# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Alicia Bolden, | ) | Civil Action No. 2:19-1079-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Disabilities | ) | |
| and Special Needs; Valeria Bryant, in her | ) | |
| individual and official capacity; Claudette | ) | |
| Fields, in her individual and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report & Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 36) recommending the Court grant in part and deny in part the motion for judgment on the pleadings of Defendants South Carolina Department of Disabilities and Special Needs ("DDSN"), Valeria Bryant, in her individual and official capacity, and Claudette Fields, in her individual and official capacity, (Dkt. No. 25). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I.     Background**

In 2008 Defendant DDSN hired Plaintiff Alicia Bolden as a "Human Services Assistant II" at its Costal Regional Center. (Dkt. No. 22 ¶ 13).[1] DDSN is a South Carolina agency that "plans,

---

[1] For the purposes of ruling on Defendants' motion for judgment on the pleadings, all allegations in the Second Amended Complaint are assumed to be true and all reasonable inferences are drawn in favor of Plaintiff, the non-moving party. *George v. Duke Energy Ret. Cash Balance Plan*, 560 F. Supp. 2d 444, 453 (D.S.C. 2008) (In ruling on a motion for judgment on the pleadings, the Court must "'accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor.'") (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999)).

develops, coordinates and funds services for South Carolinians with severe, lifelong disabilities . . . ." (*Id.* ¶ 10).  Costal Regional Center is one of four DDSN residential facilities. (*Id.* ¶ 11).  "[C]ertain DDSN employees . . . are required to administer and handle the funds of the residents they oversee and care for." (*Id.* ¶ 14).  Under DDSN written policy, these "employees are not allowed to hold client funds for more than five days." (*Id.* ¶ 15).

Sometime in 2016, however, Plaintiff sent a report to Laurie McCurley, Financial Director, that Defendant Valeria Bryant, a Lead Direct Service manager at the Costal Regional Center, had held client funds for a period of three months and had misappropriated said funds for her personal use. (*Id.* ¶¶ 16-18).  McCurley reported the misappropriation to Defendant Claudette Fields, Service Director "over the entire residential department." (*Id.* ¶ 21).  DDSN allegedly took no action and Plaintiff, in October 2016, emailed the same report to Human Relations Director John Dooney, Facility Administrator Rebecca Hill, Human Relations Director Blake Sayers, and District II Director Rufus Britt.  Plaintiff also sent the report concerning the embezzlement charges to the South Carolina Law Enforcement Division ("SLED"). (*Id.* ¶¶ 25-26).  SLED investigated but Hill had allegedly removed documentary evidence of Bryant's embezzlement. (*Id.* ¶¶ 27-28).  Though SLED was unable to discover "documentary evidence" of Bryant's embezzlement, an auditor's report on the SLED investigation, completed February 23, 2017, nevertheless found that wrongdoing had occurred. (*Id.* ¶¶ 29-30).

As a result of Plaintiff sending the above report to McCurley and SLED, Fields and Bryant began retaliating against Plaintiff, culminating in DDSN terminating Plaintiff's employment.  Plaintiff alleges Fields authored, in retaliation, various unsubstantiated recommendations for disciplinary action against Plaintiff. *See* (*id.* ¶¶ 35-52).  Bryant initialed these recommendations, thus signaling, according to Plaintiff, Bryant's endorsement of them and demonstrating Bryant's

-4-

authority to recommend disciplinary action against Plaintiff. (*Id.* ¶¶ 34-35, 39, 41-47, 50-52, 56). Fields also began requiring Plaintiff to sign in and out of work as a result of her "excessive tardiness." (*Id.* ¶¶ 41, 47). When Plaintiff refused to comply with this requirement, on the basis that it was mere retaliation for Plaintiff's reporting Bryant's alleged embezzlement, DDSN suspended Plaintiff. (*Id.* ¶¶ 52-53).

In April 2017, Plaintiff notified the Equal Employment Opportunity Commission ("EEOC") that she had a Title VII claim of discrimination against DDSN and began the process of filing a Charge of Discrimination. Around May 2017, DDSN learned that Plaintiff had initiated a charge of discrimination. (*Id.* ¶¶ 54-55). On June 7, 2017, in retaliation for contacting the EEOC, Fields authored a recommendation for Plaintiff's dismissal, which both Fields and Bryant initialed. (*Id.* ¶¶ 56-61). And on June 16, 2017, DDSN terminated Plaintiff effective June 20, 2017. (*Id.* ¶ 58). Though Plaintiff's complaint states she received a Notice of Right to Sue from the EEOC "on or about December 14, 2018," the Notice of Right to Sue itself, attached to Plaintiff's opposition to Defendants' motion for judgment on the pleadings, indicates the Notice of Right to Sue was *mailed* to Plaintiff on December 14, 2018. (Dkt. No. 28-2).[2]

Plaintiff filed her complaint against Defendants on March 15, 2019 in state court, (Dkt. No. 1-1), and Defendants removed the action on April 12, 2019, (Dkt. No. 1). Plaintiff filed an

---

[2] The Court can properly consider the EEOC Notice of Right to Sue as it is incorporated by reference into Plaintiff's Second Amended Complaint. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 179–80 (4th Cir. 2009) (allowing the court to consider, without converting the motion to dismiss into one for summary judgment, "documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic"); *Reedjospeph-Minkins v. DC Gov't Dept of Youth Rehab. Servs.*, No. ELH-17-CV-45, 2018 WL 3049509, at *6 (D. Md. June 20, 2018) (considering notice of right to sue, without converting motion to dismiss into one for summary judgment, because exhibit was integral to the complaint); *Lake v. Capital One Bank*, N.A., No. 1:11-CV-1342, 2012 WL 12973539, at *1 & n.1 (E.D. Va. June 28, 2012), *aff'd sub nom. Lake v. Capital One Bank*, 487 F. App'x 111 (4th Cir. 2012) (same).

Amended Complaint on May 5, 2019, (Dkt. No. 9), and a Second Amended Complaint on May 22, 2019, (Dkt. No. 22).  Plaintiff's Second Amended Complaint alleges three causes of action: (1) retaliation in violation of 42 U.S.C. § 1983 against all Defendants; (2) retaliation in violation of 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964 ("Title VII"), against DDSN; and (3) wrongful discharge in violation of public policy against DDSN under South Carolina law. (*Id.* ¶¶ 88–107).  Plaintiff's § 1983 claim alleges Defendants, acting under the color of state law, deprived Plaintiff of her constitutional right to free speech in violation of the First Amendment by retaliating against her for reporting Defendant Bryant's "serious governmental misconduct" to McCurley and SLED.  In addition to monetary damages, and despite not seeking reinstatement from DDSN, Plaintiff seeks injunctive relief prohibiting Defendants from retaliating against DDSN employees for engaging in "protected activity or constitutionally free speech." Plaintiff's Title VII claim alleges that DDSN wrongfully terminated her employment in retaliation for her filing a Charge of Discrimination against the agency with the EEOC.[3]

On September 23, 2019, Defendants filed a motion for judgment on the pleadings seeking dismissal of Plaintiff's Second Amended Complaint in its entirety. (Dkt. No. 25).  Plaintiff filed a response in opposition on October 4, 2019, (Dkt. No. 28), and Defendants filed a reply on October 21, 2019, (Dkt. No. 32).  The Magistrate Judge issued an R & R on March 2, 2020 granting in part and denying in part Defendants' motion. (Dkt. No. 36).  Defendants filed timely objections on March 16, 2020, (Dkt. No. 38), to which Plaintiff replied, (Dkt. No. 39).  Defendants' motion is fully briefed and ripe for disposition.

---

[3] As the Magistrate Judge explained in detail in the R & R, while Plaintiff's Second Amended Complaint does reference race discrimination in relation to her Charge of Discrimination against DDSN, her second cause of action is explicitly limited to retaliation for *filing* said charge with the EEOC. (Dkt. No. 22 ¶¶ 98–104).

## II.  Legal Standard

### A.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where a party fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Defendants filed objections and the R & R is reviewed *de novo*.

### B.  Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 2 (D.S.C. Aug. 28, 2013). The Court's review is therefore limited to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings,"

*Lewis*, 2013 WL 4585873 at *1. The pleadings on a Rule 12(c) motion should be construed in the light most favorable to the non-movants. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Therefore, the "court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (internal quotations omitted).

### III.   Discussion

After a thorough review of the parties arguments, the R & R, and Defendants' objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants' motion for judgment on the pleadings: (1) be granted as to Plaintiff's § 1983 claims against all Defendants in their official capacity; (2) be denied as to Plaintiff's § 1983 claim against Defendants Bryant and Fields in their individual capacity; (3) be denied as to Plaintiff's Title VII retaliation claim against DDSN; and (4) be granted as to Plaintiff's wrongful termination claim against DDSN under South Carolina law.

### A.   DDSN Is Immune From Suit Under § 1983 and All Defendants are Immune From Suit Under § 1983 In Their Official Capacities

Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed the issues and correctly determined that DDSN is immune from suit under § 1983. The Magistrate Judge correctly determined that DDSN, a state agency, is an "arm of the state" immune from suit under § 1983 pursuant to the Eleventh Amendment. *See S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 308 (4th Cir. 2008) (DDSN is an arm of the State of South Carolina); *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (Eleventh Amendment immunity bars suits brought by citizens against states and arms of the state in federal court). Therefore, the Magistrate Judge correctly determined that all Defendants, in their official capacities, are immune from suit under § 1983 and that the *Ex Parte Young* exception is

inapplicable because Plaintiff does not request that she be reinstated by DDSN. *Gray*, 51 F.3d at 430 ("state officers acting in their official capacity are also entitled to Eleventh Amendment protection, because 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' and '[a]s such, it is no different from a suit against the State itself.'"); *Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 n.5 (D.S.C. 2010) (finding that plaintiff's allegations of wrongful termination reflected an ongoing violation of federal law under *Ex Parte Young* to the extent she sought *reinstatement* as a remedy).

    **B.**    **Plaintiff States a § 1983 Claim Against Defendants Bryant and Fields, Who Are Not Entitled to Qualified Immunity**

Upon a review of the parties' arguments, the R & R, Defendants' objections and Plaintiff's reply to said objections, the Court finds the Magistrate Judge ably addressed the claims against Defendants Bryant and Fields and correctly found Plaintiff states a § 1983 claim against both in their individual capacity. The First Amendment protects public employees from termination of their employment in retaliation for their exercise of speech on matters of public concern. *McVey v. Stacy*, 157 F.3d 271, 277 (4th Cir. 1998). To "state[] a claim under the First Amendment for retaliatory discharge," Plaintiff must allege she "was speaking as a citizen upon a matter of public concern." *Id.* 277-78.

Bryant and Fields object that the Magistrate Judge incorrectly determined Plaintiff acted as a private citizen in reporting Bryant to SLED. (Dkt. No. 38 at 3-11). In their objections, Defendants argue, for the first time,[4] that because S.C. Code § 43-35-25 required Plaintiff to report

---

[4] The Court exercises its discretion to address Bryant and Field's new argument. *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017) ("The [C]ourt need not decide this issue as defendant waived the argument by failing to raise it before the magistrate judge.").

"abuse, neglect, or exploitation of a vulnerable person directly to SLED," Plaintiff could not have been speaking as a private citizen. *Garcetti v. Ceballos*, 547 U.S. 410, 424, 126 S. Ct. 1951, 1961 (2006) ("Proper application of our precedents thus leads to the conclusion that the First Amendment does not prohibit managerial discipline based on an employee's expressions made pursuant to official responsibilities."). Section 43-35-25 applies to "caregivers," who are defined in § 43-35-10 as persons who "who provide[] care to a vulnerable adult, with or without compensation, on a temporary or permanent or full or part-time basis and includes, [and] is not limited to, a relative, household member, day care personnel, adult foster home sponsor, [or] personnel of a public or private institution or facility."

Drawing all reasonable inferences in favor of Plaintiff, the non-moving party, and given the limited information available at this early stage of litigation, the Court finds that Plaintiff, employed by DDSN initially as a "Human Services Assistant II" and later as a "Human Services Specialist II," (Dkt. No. 22 ¶ 68), is not a "caregiver" subject to § 43-35-25's reporting requirements. Though Plaintiff might constitute "personnel of a public . . . institution," no allegation in Plaintiff's complaint allows the Court to draw the inference that Plaintiff's job functions necessarily include "provid[ing] care" to vulnerable individuals. *See* (Dkt. No. 22 ¶ 14) (noting only "certain" DDSN employees directly handle client funds). To assume the contrary, as Bryant and Fields would have it, (Dkt. No. 38 at 5), would be unreasonable. Further, § 43-35-25(D)(1) requires "caregivers" to report "abuse, neglect, or exploitation of a vulnerable person" to the "*Vulnerable Adults Investigations Unit* of the South Carolina Law Enforcement Division." (Emphasis added). Here, Plaintiff only alleges she reported Bryant's misconduct to SLED generally and did not specify to which unit of SLED, if any, Plaintiff submitted her report. (Dkt. No. 22 ¶ 26). Again, drawing all reasonable inferences in favor of Plaintiff, the non-moving party,

the Court infers Plaintiff went outside the established chain of command and did not report Bryant's alleged misconduct to the Vulnerable Adults Investigations Unit of SLED. Having rejected Bryant and Field's objections for the above reasons, the Court finds Plaintiff reported Bryant to SLED as a private citizen.

Bryant and Fields also object that the Magistrate Judge incorrectly determined that Plaintiff's report to SLED was a matter of public concern. Bryant and Fields' objections, however, repeat arguments raised before the Magistrate Judge. The Court will not address these objections because the Court agrees with and adopts the R & R, which fully explains why these arguments should be rejected.

Bryant and Fields further object that Plaintiff's complaint does not allege either individual acted "under color of law." *Burks v. S.C. Dep't of Prob., Parole & Pardon Serv.*, No. 1:14-CV-0009 DCN SVH, 2014 WL 1166334, at *2 (D.S.C. Mar. 21, 2014) (alleged violation of federal right must be committed by a person acting under the color of state law). Again, Bryant and Fields repeat the same arguments which they raised before the Magistrate Judge. Because the Court agrees with and adopts the R & R, which fully explains why Bryant and Fields' arguments should be rejected, the Court will not discuss said objections.[5] *See, e.g., Mitchell v. Sands*, No. 3:06-CV-629, 2007 WL 675728, at *3 (D.S.C. Feb. 28, 2007) (referencing *West v. Atkins*, 487 U.S. 42, 42 (1988)) (explaining that a state employee acts under the color of state law when, as Bryant is alleged to have done here, she abuses her position with the state while performing in her official capacity or exercising official responsibilities).

---

[5] Defendants do not substantively contest Fields' authority to issue disciplinary actions against Plaintiff, (Dkt. No. 25 at 10), and the Court finds, as the Magistrate Judge correctly determined, that Fields has final policy making authority on behalf of DDSN.

Accordingly, as the Magistrate Judge determined, neither Bryant nor Fields is entitled to qualified immunity. "Qualified immunity shields government officials from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013) (referencing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A "qualified immunity analysis," therefore, "typically involves two inquiries: (1) whether the plaintiff has established the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged violation." *McBeth v. City of Union, No.* 7:15-CV-1473-BHH, 2018 WL 4594987, at *6 (D.S.C. Sept. 25, 2018) (citing *Raub v. Campbell*, 785 F.3d 876, 881 (4th Cir. 2015)). For the reasons stated above and those stated in the R & R, Plaintiff has adequately alleged a violation of a clearly established constitutional right by Bryant and Fields. *See Durham v. Jones*, 737 F.3d 291, 303 (4th Cir. 2013) (noting that "where public employees are speaking out on government misconduct, their speech warrants protection"). Bryant and Fields are not entitled to qualified immunity.

### C.    Plaintiff's Title VII Claim Was Timely Filed

Upon a review of the parties' arguments, Defendants' objections—which again rehash arguments put before the Magistrate Judge—and the R & R, the Court finds the Magistrate Judge correctly determined that Plaintiff's Title VII claim is timely. The Court reviewed Plaintiffs' Title VII claim and its respective Notice of Right to Sue. Under Title VII, a claimant must file a civil action within ninety (90) days of the date of her receipt of a duly issued notice of right to sue from the EEOC or face dismissal. *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983) (affirming dismissal of a lawsuit brought pursuant to Title VII because the plaintiff did not file suit within the ninety-day limitation period required by 42 U.S.C. § 2000e-5(f)). When the actual date of the plaintiff's receipt of notice is unknown or in dispute, "the court presumes receipt three days after mailing." *Dunbar v. Food Lion*, 542 F. Supp. 2d 448, 450–51 (D.S.C. 2008) (citation omitted);

*Ish v. Arlington Cty. Virginia*, 918 F.2d 955 (4th Cir. 1990) (holding that, under what is now Fed. R. Civ. P. 6(d), if the date of receipt of the right to sue notice is unknown or disputed, the ninety-day period begins to run three days after the mailing date).

Here, the Notice of Right to Sue Plaintiff received indicated it was mailed on December 14, 2018. (Dkt. No. 28-2). To assume that Plaintiff received it that same day, as Defendant would have it, is unreasonable. Because Plaintiff alleges she received the Notice of Right to Sue "on or about" December 14, 2018, and the Notice of Right to Sue indicates it was *mailed* December 14, 2018, the date on which Plaintiff received the Notice of Right to Sue is uncertain. The Court presumes Plaintiff received the Notice of Right to Sue on December 17, 2018. And by filing her initial complaint on March 15, 2019, Plaintiff filed within the ninety-day period. Plaintiff's complaint is timely.

D.  **Plaintiff's State Law Claim Must Be Dismissed**

Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed the claims against Defendants and correctly determined that Plaintiff's claim for wrongful termination against DDSN in violation public policy must be dismissed. Plaintiff alleges the public policy violated by her termination is S.C. Code § 16-17-560.[6] In South Carolina, an "at-will employee may be terminated at any time for any reason or for no reason, with or without cause," except "where there is a retaliatory termination . . . in violation of a clear mandate of public policy." *Barron v. Labor Finders of S.C.*, 393 S.C. 609, 614, 713 S.E.2d 634, 636–37 (2011). Where, however, a separate "statute creates a substantive right . . . and provides a remedy

---

[6] Section 16-17-560 makes it "unlawful for a person to . . . discharge a citizen from employment or occupation . . . because of political opinions or the exercise of political rights and privileges guaranteed to every citizen by the Constitution and laws of the United States or by the Constitution and laws of this State."

for infringement of that right, the plaintiff is limited to that statutory remedy" and may not pursue a "wrongful termination" in violation of public policy claim. *Lawson v. S.C. Dep't of Corr.*, 340 S.C. 346, 350, 532 S.E.2d 259, 261 (2000). Here, the Magistrate Judge correctly determined that both § 1983 and the South Carolina Whistleblower Act, S.C. Code § 8-27-20(A), allow Plaintiff to pursue claims for wrongful termination. Because Plaintiff has available statutory remedies, she cannot bring a separate wrongful termination claim under the "public policy exception."

### IV.    Conclusion

For the reasons set forth above, the Court adopts in full the R & R of the Magistrate Judge (Dkt. No. 36). Defendants' motion for judgment on the pleadings (Dkt. No. 25) is **GRANTED in part** and **DENIED in part**. Defendants' motion is **GRANTED** as to Plaintiff's § 1983 claim against all Defendants in their official capacity and Plaintiff's wrongful termination in violation of public policy claim against Defendant DDSN. Defendants' motion is **DENIED** as to Plaintiff's § 1983 claims against Defendants Bryant and Fields in their individual capacity and Plaintiff's Title VII claim against Defendant DDSN.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

April 21, 2020
Charleston, South Carolina

-4-